IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM HEGGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06cv0478 |
| ) | |
| UNITED AUTO WORKERS LOCAL 737, and ) | Judge Thomas A. Wiseman, Jr. |
| VISTEON AUTOMOTIVE SYSTEMS, INC., ) | Magistrate Judge E. Clifton Knowles |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Plaintiff William Hegger ("Plaintiff") has filed a complaint alleging that Defendant United Auto Workers Local 737 ("the union") discriminated against Plaintiff's contract rights in violation of 42 U.S.C. § 1981. Defendant Visteon Corporation ("Visteon")[1] has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against it upon which relief can be granted and, in the alternative, a motion for summary judgment under Rule 56 on the grounds that any claims against it are barred by the doctrine of *res judicata*. As set forth below, Visteon's motion will be granted.

### STANDARD OF REVIEW

Because the Court has not considered any matters outside the pleadings, the Court will apply the standard of review appropriate for a motion to dismiss rather than a motion for summary judgment. Under Rule 12 of the Federal Rules of Civil Procedure, a defendant may seek to be dismissed from an action based upon the plaintiff's "failure to state a claim [against that defendant] upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must treat all of the well pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the plaintiff. *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2006). "Dismissal of the complaint is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). The Court is not required, however, to "accept as true legal conclusions or unwarranted factual inferences." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d

---

[1] Visteon is incorrectly identified in the Complaint as "Visteon Automotive Systems, Inc."

356, 361 (6th Cir. 2001) (internal quotation marks and citation omitted). In addition, Rule 12(b)(6) must be read in conjunction with Rule 8(a), which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); 5A Wright & Miller, Federal Practice and Procedure, § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard.

## ANALYSIS

The complaint in this case is completely devoid of any facts suggesting that Plaintiff might be entitled to any form of relief from Visteon. In fact, the three-page complaint mentions Visteon only in two paragraphs, which state in full as follows:

> 3. Defendant Visteon Automotive Systems, Inc. ("Visteon") is an inactive foreign corporation, which at all times pertinent was Plaintiff's employer. As such, Visteon is a necessary party to the adjudication of the controversy at hand. Visteon's resident agent for service of process is Corporation Service Company, 2908 Poston Avenue, Suite 2021, Nashville, Tennessee 37203.
>
> . . . .
>
> 7. At all times pertinent, the union was the entity charged with the legal duty of protecting Plaintiff's rights insofar as making, performing, modifying, and terminating contracts, and protecting Plaintiff's rights to the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship with Visteon. The contract in question is the Collective Bargaining Agreement existing at all times pertinent by and between the union and Visteon.

(Doc. No. 1, Complaint ¶¶ 3, 7.) In the closing paragraph of the complaint, Plaintiff makes it clear that he seeks damages only from the union, not from Visteon: "Plaintiff sues *the union* for $250,000.00 in money damages . . . . " (Complaint page 3 (emphasis added).) Even under the very liberal standard of review outlined above, it is readily apparent that the complaint does not allege facts sufficient to state a claim against Visteon.

In fact, in his response in opposition to Visteon's motion, Plaintiff concedes that he "does not seek relief against Visteon in this case." (Doc. No. 18, at 4.) Despite this admission, which alone would justify the granting of Visteon's motion, Plaintiff claims that Visteon is a necessary or indispensable party within the meaning of Rule 19(a), Fed. R. Civ. P., in that "[w]ithout Visteon as a party, discovery for the plaintiff is at best far more cumbersome and expensive than it otherwise would be," and "in [Visteon's] absence, 'complete relief' within the meaning of Rule 19(a) is a theory rather than a practical possibility. Rule 19(a) speaks in

2

terms of practicality. . . ." (Doc. No. 18, at 3–4.)

The sheer implausibility of Plaintiff's position is nothing short of astonishing.[2]  It is axiomatic that in order to state a claim for relief against a defendant, a plaintiff must actually state a claim for relief.  *Cf.* Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [.]").  There is no provision in the applicable law or procedural rules that permits a plaintiff to name a party defendant solely for the purpose of being able to take discovery pertaining to his claims against an entirely different party more cheaply and easily.  Rule 19(a) certainly does not provide an avenue for doing so.

## CONCLUSION

Visteon's motion to dismiss will therefore be granted and Visteon terminated as a defendant in this matter.  An appropriate Order will enter.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge

---

[2]The actions of Plaintiff's counsel in (1) naming Visteon as a defendant in the first place and (2) defending against Visteon's motion to dismiss come very close to violating Rule 11(b) of the Federal Rules of Civil Procedure.  The Court advises that such tactics be avoided in the future.

3

Case 3:06-cv-00478   Document 24   Filed 08/07/06   Page 3 of 3 PageID #: 104